

Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
TSaland@SteinSaksLegal.com

April 15, 2024

**<u>Via ECF</u>**

Hon. Cathy Seibel
United States District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601

  **RE:** *Ciment v. TransUnion, LLC, et al.*, No. 7:24-CV-00212(CS)

Dear Judge Seibel,

  Stein Saks, PLLC represents Plaintiff in the above action. We submit this letter, pursuant to Your Honor's Individual Part Rules, Rule 2A, in response to the premotion letter jointly filed by Defendants Experian Information Solutions, Inc., TransUnion, LLC, and Equifax Information Services, LLC (together "CRA Defendants") on April 10, 2024. Although we do not object to a pre-motion conference, we do object to the underlying basis of CRA Defendants' anticipated motion for similar reasons that we object to Chase's anticipated motion.

  The CRA Defendants are not reporting continuous "charge-off" notations as they state. Had they reported as such, Plaintiff's credit score would not have dropped in August 2023. Instead, if the credit bureaus would have reported continuous charge-off notations each month, the most significant derogatory notation associated with the accounts, the date of charge-off, would relate back to the original charge-off date of July 2019. The CRA Defendants did not address the crux of Plaintiff's claim – the *gap* in the reporting.

  Instead, the credit bureaus report a charge-off, then a gap in the payment history, followed by new charge-off notations as of August 2023. This makes it seem that Plaintiff has recently charged-off accounts, which is inaccurate. The point is not, as the CRA Defendants argue, that there are multiple months of charge-off notations. Thus, all of their cited case law is not precisely on point (although they do discuss the general nature of charged-off accounts and the ability of the credit bureaus to report charge-off notations continuously from month to month – that does not address the issue in this case).

  "When reviewing a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

Credit reporting is considered "inaccurate" when it is "patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Wenning v. On-Site Manager, Inc.*, 2016 U.S. Dist. LEXIS 81126, at \*26, quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)) (alterations and internal quotation marks omitted) (emphasis added); *see also Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010).

Accuracy, under the FCRA, is not bound by a "technical" definition of accuracy that fails to capture the whole story. By reporting a charge-off in July 2019, then a gap in the credit history, followed by newly-reported "charge-off" notations in August 2023, the credit bureaus exaggerate the negative status of Plaintiff's accounts and artificially deflate Plaintiff's credit score by making the accounts appear to be four years more recent than reality.

A charge-off is known to be the worst notation on a credit report, as clearly laid out on Experian's credit report (for example), which lists "charge-off" as the worst of the derogatory payment notations. Recent charge-offs are significantly more damaging to a credit score than older charge-offs. The proof of this is that Plaintiff's credit score dropped when Chase and the credit bureaus began re-reporting the charge-offs in August 2023. If a credit score were not impacted by the new charge-off notations, the score should have only incorporated credit information that related back to the original charge-off dates and should not have changed with the new reporting. However, Plaintiff's credit score dropped because the re-reporting makes it appear that the accounts are recent charge-offs, which is false.

The credit bureaus are not permitted to deflate Plaintiff's credit score under the guise of "technical accuracy" by furnishing incomplete credit information that makes it falsely appear that Plaintiff has recent charge-offs from 2023, when in fact the charge offs should date back to 2019. Had Chase and the credit bureaus reported the charge-off notations throughout, which would have been complete and correct, Plaintiff's credit score would have been higher and she would have been more readily able to obtain new lines of credit. Plaintiff disputed this very detail in her dispute, Chase was notified of the same, as were the credit bureaus, and all named defendants continued reporting the same credit information nonetheless.

Therefore, the CRA Defendants' anticipated motion under Fed. R. Civ. P. 12(c) should be denied. We thank Your Honor and the Court for its kind considerations and courtesies.

Respectfully Submitted,

/s/ **Tamir S aland**
Tamir Saland, Esq.